**Nikola DEDVUKOVIC, Petitioner–Appellee,**

v.

**Bill MARTIN, et al., Respondent–Appellant.**

**No. 00–2306.**

United States Court of Appeals,
Sixth Circuit.

March 22, 2002.

796

Before JONES, DAUGHTREY, and COLE, Circuit Judges.

PER CURIAM.

The respondent, a Michigan state prison warden, appeals the district court's grant of habeas relief to the petitioner, Nikola Dedvukovic.[1] The district court held that Dedvukovic was denied the effective assistance of counsel when his trial attorney failed to discuss with him the consequences of not accepting the state's offer during plea negotiations -- an offer that would have allowed him to plead guilty to reduced charges -- and failed to provide requested information about the sentence he could receive if he accepted the prosecution's offer, as opposed to the punishment he was facing if he went to trial. On appeal, the respondent contends (1) that the district court failed to make appropriate findings under AEDPA, the Anti-terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d), and (2) that the court improperly shifted the burden to the state to disprove Dedvukovic's ineffective assistance claim by crediting the "self-serving" testimony of the petitioner.

Having had the benefit of oral argument in this case, and having studied the briefs submitted by the parties and the record on appeal, we are not convinced that the district court erred in granting relief in this case. The district judge's analysis was sound and the remedy she fashioned was appropriate. We therefore affirm for the reasons stated in the court's opinion and order dated and filed September 27, 2000. We add only a few observations.

The relevant portions of 28 U.S.C. § 2254(d) are as follows:

[A]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of the state court shall not be granted with respect

---

1. On appeal, Dedvukovic attempts to challenge the district court's denial of relief on his claim that an erroneous jury instruction denied him of due process and a fair trial. However, no certificate of appealability appears in the record to cover this claim.

to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), the Supreme Court clarified the distinction between a decision that is "contrary to" and one that constitutes an "unreasonable application of" clearly established Supreme Court law under § 2254(d)(1). A state court decision is "contrary to" clearly established Supreme Court precedent when it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "confronts a set of facts that are materially indistinguishable from a decision of" the Supreme Court and nevertheless arrives at a different result. *Id.* at 405–06, 120 S.Ct. 1495 (O'Conner, J., concurring). In contrast, a state court decision is an "unreasonable application of" clearly established federal law when "the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413, 120 S.Ct. 1495. An "unreasonable application of law" under the statute must be both incorrect and unreasonable. *Id.* at 411, 120 S.Ct. 1495.

 In this case, the district court articulated the correct standard and, we are convinced, correctly applied it. Although the court's conclusion is not set out in so many words, the district judge implicitly found that the Michigan Court of Appeals engaged in an unreasonable application of the Supreme Court's opinions in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). We agree. The crux of the problem was not the Michigan court's identification of the appropriate standard—the court ostensibly applied *Strickland's* "reasonable probability" test. However, in its opinion, the court did no more than rubber-stamp the trial court's ruling at the conclusion of the *Ginther* hearing, in which the judge simply concluded, without more, that there was no proof to indicate whether or not the petitioner would have accepted the state's offer to plead to reduced charges. Given the testimony of the petitioner, the indication in the court record of an offer at the pretrial conference, and the glaring deficiencies revealed by his counsel's testimony, this conclusion was obviously *not* supported by the record.

There can be little doubt about the significance of the legal assistance that the petitioner was apparently denied. As the Second Circuit has noted, "The decision whether to plead guilty or contest a criminal charge is ordinarily the most important single decision in a criminal case ... [and] counsel may and must give the client the benefit of counsel's professional advice on this crucial decision." *Boria v. Keane*, 99 F.3d 492, 496–97 (2d Cir.1996) (*quoting* Anthony G. Amsterdam, Trial Manual Five for the Defense of Criminal Cases (1988)). However, the defense attorney in this case had no indication in her file that she had properly advised her client of the prosecution's offer to allow him to plead to reduced charges, nor could she recall discussing the state's offer with Dedvukovic, although she did say that it was her usual practice to do so. Her client, on the other hand, swears that his attorney never explained to him the significance of the

state's offer or the difference in his sentence that a guilty plea might have made, despite his request that she research the question and give him information and advice regarding his options.

The state brands this testimony "self-serving" and insists that, without objective evidence to support it, the petitioner is not entitled to relief. However, the district court correctly identified the two-prong test applied to questions of this nature: whether the record reflects, first, that trial counsel's performance was deficient and, second, that but for the deficiency in performance, there is a reasonable probability that the petitioner would have accepted the prosecution's offer and pleaded guilty. *See Turner v. Tennessee,* 858 F.2d 1201, 1205 (6th Cir.1988), *vacated on other grounds,* 492 U.S. 902, 109 S.Ct. 3208, 106 L.Ed.2d 559 (1989), *reinstated on other grounds,* 940 F.2d 1000 (6th Cir.1991).

Although some circuits have held that a defendant must support his own assertion that he would have accepted the offer with additional objective evidence, *see, e.g., Paters v. United States,* 159 F.3d 1043, 1047 (7th Cir.1998); *United States v. Gordon,* 156 F.3d 376, 381 (2d. Cir.1998), we in this circuit have declined to adopt such a requirement. *See Magana v. Hofbauer,* 263 F.3d 542, 548 n. 1 (6th Cir.2001). Nevertheless, it has been held, as the district court recognized, that a substantial disparity between the penalty offered by the prosecution and the punishment called for by the indictment is sufficient to establish a reasonable probability that a properly informed and advised defendant would have accepted the prosecution's offer. *See e.g., Gordon,* 156 F.3d at 381 (disparity in sentences constitutes objective evidence that a properly informed defendant would have accepted a plea offer). It follows that the district court did not err in relying on such a disparity, along with the unrefuted

testimony of the petitioner, to support its conclusion that habeas relief was required in this case. Certainly, we cannot say that the ruling "shifted the burden to Respondent to prove that trial counsel was not deficient," as the state claims in its brief on appeal.

For the reasons set out above, we AFFIRM the judgment of the district court.