**Keith HOLLOWAY, Petitioner—Appellee,**

v.

**Cal A. TERHUNE, Respondent—Appellant.**

No. 03–16026.

D.C. No. CV–99–02480–WBS/GGHP.

United States Court of Appeals, Ninth Circuit.

Submitted March 9, 2004.*

Decided March 12, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument.

Fed. R.App. P. 34(a)(2).

Allison Claire, FPDCA–Federal Public, Defender's Office (Sacramento), Sacramento, CA, for Petitioner–Appellee.

Erik R. Brunkal, AGCA–Office of the California, Attorney General (SAC), Department of Justice, Sacramento, CA, for Respondent–Appellant.

Before GRABER and W. FLETCHER, Circuit Judges, and WEINER,** Senior District Judge.

** The Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

MEMORANDUM***

California Department of Corrections Director Cal Terhune appeals the district court's order granting Petitioner Keith Holloway's petition for a writ of habeas corpus. We affirm.

■ 1. The district court applied the correct standard of review. The California Superior Court denied the habeas petition in a generally worded two-sentence minute order. The California Court of Appeal and the California Supreme Court denied the habeas petition without opinion. When a state court supplies no reasoned decision for its denial of a habeas petition, the district court in a habeas context must "perform an 'independent review of the record' to ascertain whether the state court decision was objectively unreasonable." *Himes v. Thompson,* 336 F.3d 848, 853 (9th Cir.2003) (quoting *Delgado v. Lewis,* 223 F.3d 976, 982 (9th Cir.2000)).

After conducting an independent review of the record and an evidentiary hearing, the magistrate judge applied 28 U.S.C. § 2254(d)(1) and ruled that Petitioner had demonstrated ineffective assistance of counsel under *Strickland v. Washington,* 466 U.S. 668, 690–93, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), with respect to the public defender's failure to inform him of the consequences of rejecting the government's 32–month plea offer. The district court adopted the magistrate judge's factual findings and legal conclusions.

2. When the government made its offer for a stipulated sentence of 32 months' imprisonment, neither the deputy district attorney nor the public defender knew that

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Petitioner was eligible for a 27–year–to–life sentence under California's Three Strikes Law, Cal.Penal Code § 667.5(d) and (e). Although the public defender was unable to reconcile Petitioner's earlier four-year sentence with a single burglary conviction, he did not ask Petitioner about his criminal history. The public defender believed that Petitioner faced, at most, a sentence of 88 months' imprisonment. Based on statements made at Petitioner's state-court sentencing and at the federal evidentiary hearing, the magistrate judge concluded that Petitioner would have accepted the 32–month plea offer if he had known that he would face a potential life sentence by proceeding to trial. Had Petitioner accepted the plea offer during the plea conference, he would have waived a probation report and proceeded to sentencing on the same day. Thus, the magistrate judge found, even if the state later discovered that Petitioner was eligible for a life sentence under California's Three Strikes Law, "there was no likelihood of [Petitioner's] windfall being taken away."

"[W]here the issue is whether to advise the client to plead or not 'the attorney has the duty to advise the defendant of the available options and possible consequences' and failure to do so constitutes ineffective assistance of counsel." *United States v. Blaylock,* 20 F.3d 1458, 1465 (9th Cir.1994) (quoting *Beckham v. Wainwright,* 639 F.2d 262, 267 (5th Cir.1981)). Here, the district court properly held that the public defender's failure to identify and communicate fully to Petitioner the significance of the state's 32–month plea offer, or the consequences of rejecting it, fell outside the range of professionally competent assistance even in the light of the strong presumption that "counsel's conduct was within the wide range of reasonable assistance." *Hughes v. Borg,* 898 F.2d 695, 702 (9th Cir.1990). Thus the first prong of *Strickland* is satisfied.

In *Nunes v. Mueller,* 350 F.3d 1045 (9th Cir.2003), we held that a habeas petitioner had met the second prong of *Strickland* after showing that his lawyer incorrectly reported the state's offer of an 11–year sentence as an offer of a 22–year sentence. We also held that it was objectively unreasonable for the state court to conclude that the petitioner had not been prejudiced. *Id.* at 1054–55.

The facts of this case present an even clearer instance of prejudice within the meaning of *Strickland.* The state offered Petitioner a 32–month stipulated sentence, but he faced a sentence of 27–years–to–life if convicted. Unlike the defendant in *Nunes,* Petitioner had never been tried for the underlying offense and, thus, had no reason to think that his bench trial would result in an acquittal.

On this record, the magistrate judge and the district court properly held that Petitioner had satisfied both prongs of *Strickland's* test for ineffective assistance of counsel and, thus, was entitled to habeas relief. In the light of our holding in *Nunes,* we must conclude that the state court's determination to the contrary was objectively unreasonable.

■ 3. The district court did not abuse its discretion by requiring the state either to reinstate its offer of a 32–month sentence or to release Petitioner from custody. "[T]he remedy for counsel's ineffective assistance should put the defendant back in the position he would have been in if the Sixth Amendment violation had not occurred." *Blaylock,* 20 F.3d at 1468. Where, as here, the petitioner was deprived of the opportunity to make an informed decision with respect to a plea offer, the proper remedy is reinstatement of the plea offer or, in the alternative, release of the petitioner from custody. *Nunes,* 350 F.3d at 1057. Terhune's con-

tention that reinstatement of the plea offer is inappropriate because, in the light of later-discovered facts, the prosecutor had no right to make that offer is foreclosed by *Brown v. Poole*, 337 F.3d 1155, 1161 (9th Cir.2003) (specifically enforcing a plea agreement notwithstanding the fact that "the prosecutor had no right to offer [the defendant] the deal she maintains she reasonably understood and accepted").

AFFIRMED.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.