**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0714n.06
Filed: November 20, 2008

**No. 07-3263**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JAMES W. WHITE, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| UNITED STATES OF AMERICA, | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| Respondent-Appellee. | ) | |

**Before: CLAY, GILMAN, and ROGERS, Circuit Judges.**

**Rogers, Circuit Judge.** Defendant James White appeals the district court's denial of his motion to vacate his sentence under 28 U.S.C. § 2255. On July 24, 2000, a jury convicted White for his participation in a conspiracy to rob armored cars and local businesses at gunpoint. The sole issue on appeal is whether White was denied the effective assistance of counsel on the theory that his attorney prevented him from pleading guilty without also providing substantial assistance to the government. For the reasons discussed below, we affirm the district court's denial of White's motion to vacate his sentence.

1

**I.**

A jury convicted White on several counts related to his participation in multiple robberies.

On direct appeal, this court described White's activities and conviction in the following manner:

> Taniguchi and White were both part of a broad-ranging conspiracy to rob armored car companies and local businesses of cash at gunpoint. Taniguchi was the mastermind behind the conspiracy, recruiting insiders and employees of the businesses that were targeted to assist in the execution of the robberies. White was one of the muscle-men of the operation, using his imposing size to carry out the actual robberies.
>
> . . . .
>
> On March 14, 2000, a grand jury for the Southern District of Ohio returned a six-count indictment against defendants Taniguchi and White. Count one charged Taniguchi and White with violation of the Hobbs Act, 18 U.S.C. § 1951, for their participation in a broad conspiracy involving multiple robberies; Count two charged Taniguchi and White with violation of the Hobbs Act, 18 U.S.C. § 1951, for their participation in the Metropolitan armored truck robbery; Count three charged White with brandishing a firearm in the commission of those crimes, in violation of 18 U.S.C. § 924(c) . . . . A superseding indictment was filed on May 16, 2000. That indictment repeated the other charges but also added a bank larceny charge (Count seven), in violation of 18 U.S.C. § 2113(b), against Taniguchi and White. . . .
>
> Taniguchi and White both pleaded not guilty to these charges, and a jury trial commenced on July 10, 2000 before Judge Marbley in the United States District Court for the Southern District of Ohio. . . . The jury returned its verdict on July 24, 2000, finding Taniguchi and White guilty on all counts.

*United States v. Taniguchi*, 49 F. App'x 506, 508-10 (6th Cir. 2002). On October 11, 2002, this court affirmed White's conviction and sentence. *Id.*

On September 17, 2002, White filed a petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. White claimed that:

Petitioner's conviction was obtained and sentence imposed in violation of petitioner's constitutional rights to effective assistance of counsel in that:

(1) Trial counsel refused [to allow] petitioner to take the stand on his own behalf during his jury trial.

(2) Trial counsel prevented petitioner from pleading guilty to the indictment without providing substantial assistance to the government.

(3) Trial counsel failed to object and appellant counsel failed to raise on petitioner's direct appeal under Rule 32 (plain error), trial court's use of the 'same conduct twice' to determine petitioner's sentence.

A magistrate judge filed a report that recommended dismissing White's first and third claims, and granting an evidentiary hearing on claim two, and the district court adopted these recommendations. White did not object to the dismissal of claims one and three. After the evidentiary hearing, White filed a brief supporting his second ineffective-assistance claim. White argued that his trial counsel was constitutionally ineffective because his counsel failed to explain the Sentencing Guidelines properly, and that his trial counsel prevented White from pleading guilty without also testifying against his co-defendant. Specifically, White argued that his trial counsel "indicated there were only two options, go to trial or testify against Jay Taniguchi." White then added several allegations that appear to be unrelated to his second claim, including his trial counsel's potential conflicts of interest.

The magistrate judge recommended dismissing the action, finding that the facts and testimony from the evidentiary hearing did not support an ineffective-assistance-of-counsel claim under *Strickland v. Washington*, 466 U.S. 668 (1984). The district court adopted this

recommendation, but granted a certificate of appealability on White's second claim. On appeal, the only issue before this court is:

> Was petitioner denied the effective assistance of counsel when his attorney prevented him from pleading guilty to the indictment without providing substantial assistance to the government?

## II.

On appeal, White focuses his arguments on his trial counsel's alleged conflicts of interest. White's claim that he received ineffective assistance due to these conflicts, however, falls outside of the scope of the only issue for which there is a certificate of appealability—ineffective assistance based on the theory that White's attorney prevented him from pleading guilty without also providing substantial assistance to the government. Therefore, we do not reach the merits of this claim. To the extent that White's arguments can be construed to reach the sole issue on appeal, these arguments fail under the standard set forth in *Strickland*.

## A.

White summarizes his sole argument on appeal in the following way: "A lawyer with several actual conflicts can not provide effective assistance of counsel in plea negotiations." This is not just a tangential argument in support the certified issue, but appears to be an attempt to raise a completely

different claim altogether.[1] White's brief hardly addresses how his trial counsel's alleged conflicts amounted to ineffective representation under *Strickland*.[2] Appellant's Br. at 13 (failure to subpoena an unindicted co-conspirator with an alleged relationship with counsel "led Trial Counsel to provide less than effective assistance to Petitioner in plea negotiations," and "[a]nother lawyer would have conducted more meaningful plea negotiations"). More specifically, White's brief fails to argue how these alleged conflicts relate to White's claim that his counsel prevented White from pleading guilty without also testifying against his co-defendant—the only issue certified to this court. Stating bald allegations of his trial counsel's conflicts of interest does not indicate how trial counsel might have been deficient by presenting incomplete plea options. Furthermore, White's brief does not argue how these conflicts prejudiced him in the plea process.

The magistrate judge's Report and Recommendation explicitly chose not to address these and similar issues because they fell outside of the scope of the claims White made in his § 2255 motion

---

[1]This court denied White's application for a partial certificate of appealability on the claims not certified by the district court. In doing so, this court stated that the appeal would move forward on the sole issue certified. *White v. United States*, No. 07-3263 (6th Cir. Sept. 18, 2007).

[2]White argues that because of his conflict allegations, the precedent defining the standards for ineffective assistance of counsel should be *Cuyler v. Sullivan*, 446 U.S. 335 (1980), rather than *Strickland*. This would benefit White because under *Sullivan*, prejudice is presumed in certain conflict contexts. *Strickland*, 466 U.S. at 692 (citing *Sullivan*, 446 U.S. at 345-50). Even if we were to reach White's conflict-of-interest claims, it is unlikely that *Sullivan* would apply to this case. *See Mickens v. Taylor*, 535 U.S. 162, 175 (2002) (holding that *Sullivan*'s presumed prejudice standard is established only when the conflict of interest arises out of multiple concurrent representation); *Stewart v. Wolfenbarger*, 468 F.3d 338, 351 (6th Cir. 2006) (stating that in habeas cases brought under 28 U.S.C. § 2254, this court applies the *Strickland* standard outside of the multiple-representation context). We find no reason not to apply *Strickland* to this case.

to vacate. The conflict-of-interest claims similarly fall outside of the scope of the sole issue certified by the district court. Therefore, we do not reach the merits of these claims. *See Dunham v. United States*, 486 F.3d 931, 935 (6th Cir. 2007) ("Dunham expands upon his ineffective assistance of counsel argument to include claims that his counsel was ineffective for failing to adequately discuss the consequences of his guilty plea and for failing to raise a double jeopardy objection. For us to consider these claims would . . . go beyond the scope of the certificate of appealability . . . . Because Dunham did not receive a certificate of appealability for these ineffective assistance claims, we do not reach their merits.").

**B.**

Even if we were to conclude that White's conflict-of-interest allegations were related to and supported the issue certified on appeal,[3] White still fails to demonstrate that his trial counsel's actions during the plea process amounted to ineffective assistance under *Strickland*. To succeed on his ineffective-assistance-of-counsel claim, White has to prove two components: (1) his counsel's performance was deficient; and (2) prejudice, which means that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland* at 687, 694; *see Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (stating that the "prejudice"

---

[3]The only potential connection between these two issues was suggested at oral argument, when White's counsel attempted to argue that White's trial counsel's alleged conflicts created an improper incentive for trial counsel to recommend against reaching a plea agreement. This argument does not appear to be supported by the record, but nonetheless fails the *Strickland* analysis as described in this part.

requirement in the plea context "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process"). The district court did not err in concluding that White failed to prove either deficient representation or prejudice.

In his affidavit in support of his motion to vacate, White stated the basis for his second claim for ineffective assistance of counsel:

> I just wanted to go before the judge, plead guilty to the indictment and tell the judge the extent of my involvement in the charged crimes. Counsel informed me that the only way I can plead Guilty was for me to testify against my codefendant, Mr. Taniguchi, that the court will not accept a straight up guilty plea.

J.A. at 9. The magistrate judge's Report and Recommendation correctly states that White's "allegation that he would have pleaded guilty had he known that he could do so without testifying against co-defendant Taniguchi is belied by the record before this Court." J.A. at 104. The report proceeds to quote several examples from the evidentiary hearing that indicate that White's trial counsel explained the Sentencing Guidelines to White, discussed the potential impact of a plea on his sentence, and coordinated a meeting with White and the Assistant U.S. Attorney to accept a plea. J.A. at 4-9. The testimony shows that White chose not to follow through with this meeting and repeatedly indicated that he "wanted to go to trial." J.A. at 5-7. In *Smith v. United States*, 348 F.3d 545 (6th Cir. 2003), this court stated that

> [a] criminal defendant has a right to expect at least that his attorney will review the charges with him by explaining the elements necessary for the government to secure a conviction, discuss the evidence as it bears on those elements, and explain the

> sentencing exposure the defendant will face as a consequence of exercising each of the options available.

*Id.* at 553. White's trial counsel met this burden here. Because White's trial counsel's representation did not "[fall] below an objective standard of reasonableness," *Strickland*, 466 U.S. at 688, the district court did not err in concluding that this representation was not constitutionally deficient.

Even if White's counsel's performance had been deficient, White fails *Strickland*'s second prong requiring a showing of prejudice. White "did not demonstrate a reasonable probability that he would have pled guilty but for his trial counsel's allegedly ineffective performance." *Humphress v. United States*, 398 F.3d 855, 859 (6th Cir. 2005). White consistently maintained his innocence on the charges in his indictment, even through the evidentiary hearing, and indicated that he wanted the opportunity to explain to the judge that he was not guilty. "These declarations of innocence are . . . not dispositive on the question" of whether a defendant would have pled guilty. *Griffin v. United States*, 330 F.3d 733, 738 (6th Cir. 2003); *see also Smith v. United States*, 348 F.3d 545, 552 (6th Cir. 2003). What is more dispositive of this question, however, is White's own testimony during the evidentiary hearing:

> Q. Mr. White, have you told the Court here that you wanted to plead guilty to the aspects of funneling money but you wouldn't plead guilty to the firearm; is that right?
>
> A. Yes, sir.

> Q. So, you were not willing to plead guilty to all of the counts in the indictment; is that right? You would never have pled guilty to a gun spec?

> A. Yes, sir.

J.A. at 274-275.  Because White admittedly never wanted to plead guilty to the indictment, and repeatedly indicated that he wished to go to trial, he cannot prove that he was prejudiced in the plea process even if his counsel was found constitutionally deficient.  White's arguments fail both prongs of the *Strickland* test.

## III.

For these reasons, we AFFIRM the judgment of the district court.