HELENE N. WHITE, Circuit Judge
(dissenting).
I respectfully dissent. I conclude that the state court’s determination that Lovell’s trial counsel provided effective assistance was objectively unreasonable and *599 would affirm the district court’s issuance of a writ.
“[T]he decision whether to plead guilty or contest a criminal charge is ordinarily the most important single decision in a criminal case ... [and] counsel may and must give the client the benefit of counsel’s professional advice on this crucial decision.” United States v. Gordon, 156 F.3d 376, 380 (2d Cir.1998) (quoting Boria v. Keane, 99 F.3d 492, 496-97 (2d Cir.1996), quoting Anthony G. Amsterdam, Trial Manual 5 for the Defense of Criminal Cases (1988)); Dedvukovic v. Martin, 36 Fed.Appx. 795, 797 (6th Cir.2002) (unpublished) (citing Boria, 99 F.3d at 496-97). “A failure to provide professional guidance to a defendant regarding his sentence exposure prior to a plea may constitute deficient assistance.” Moss v. United States, 323 F.3d 445, 474 (6th Cir.2003). Such guidance includes explaining the relative benefits and drawbacks of the plea offer because “[k]nowledge of the comparative sentence exposure between standing trial and accepting a plea offer will often be crucial to the decision whether to plead guilty.” Gordon, 156 F.3d at 380; see also Holloway v. Terhune, 97 Fed.Appx. 80, 82 (9th Cir.2004) (unpublished) (“[W]here the issue is whether to advise the client to plead or not the attorney has the duty to advise the defendant of the available options and possible consequences and failure to do so constitutes ineffective assistance of counsel.” (internal quotation marks omitted)); see id. (failure to “identify and fully communicate” to defendant that rejecting offer of 32-months’ imprisonment exposed him to 27-year-to-life sentence constituted ineffective assistance of counsel).
Although the state court’s factual finding that “appellant’s attorney communicated the details of the plea offer to appellant” is entitled to deference, that fact is not incompatible with Lovell’s claim of ineffective assistance of counsel: that her attorney failed to adequately communicate the consequences of accepting or rejecting the plea agreement.
The factual record demonstrates that Lovell was unaware that if she were to be found guilty, she would face mandatory incarceration. At her sentencing hearing, Lovell expressed lack of knowledge of the mandatory incarceration that she faced. Her claim is supported by Judge Crehan’s affidavit describing his observations of her during sentencing.[1] Accepting the district court’s factual finding that trial counsel’s notes on the manilla folder were presented to Lovell, those notes were nevertheless inadequate to establish “ ‘sufficient awareness of the relevant circumstances and likely consequences’ of [the] plea.” Carey v. Myers, 74 Fed.Appx. 445, 450-51(6th Cir.2003) (quoting Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)). Further, as the district court noted, there were indications that Lovell had cognitive disabilities, and thus an extra measure of care would be required to ensure her understanding under the circumstances.
The Warden argues that “all of the evidence, save Lovell’s own, self-serving claims, indicates that Hurchanik told Lovell when he presented the plea offer that she faced a mandatory sentence if she turned it down.” This is incorrect: Judge Crehan’s affidavit also supports Lovell’s claim. Further, the Warden’s support for the contention that Lovell was informed of the potential consequences of rejecting the plea is based on inferences. From Lovell’s testimony that Hurchanik told her that she *600 would be eligible for probation if she accepted the plea, the Government infers that “there’d be no reason to tell a defendant that a benefit of a plea would be the possibility of probation unless the offenses as charged were not. Otherwise, there’s no benefit to the plea bargain at all.” To the contrary, even if Lovell were eligible for probation if convicted as well as under the plea, there could be a benefit in accepting the plea because it might make the court more likely, in its discretion, to sentence her to probation, or to a shorter term of probation or imprisonment. Additionally, the Warden’s inference is not one that would necessarily be made by an individual unfamiliar with the criminal justice system, such as Lovell. The district court did assume in its analysis that Hurchanik, as he claimed, presented Lovell with notes he made on the manilla folder. But the Warden embellishes when she claims that the district court accepted the document as “proof, signed by Lovell herself, that her attorney had informed her of the mandatory sentence a conviction at trial would bring.” Rather, the district court held that, even assuming the document was shown to Lovell, Hurchanik “failed to provide reasonable professional assistance to the extent he did not fully explain to petitioner, or ensure her understanding of, the information he had written down about the mandatory prison sentence she was facing in cryptic, legal short-hand notes on the back of his client file folder.”
The majority and the Warden take issue with the district court’s reliance on Smith v. United States, 348 F.3d 545 (6th Cir.2003). In Smith, the habeas petitioner, who had been tried in federal court, alleged that his trial counsel was ineffective for failing to advise him to accept the prosecution’s offer, which would have allowed him to plead guilty to a one-count information with a maximum recommended sentence of twenty months. Id. at 548-49. The petitioner went to trial, was found guilty on multiple charges, and was sentenced to multiple terms of 262 months’ imprisonment. Id. at 549. Although the petitioner conceded he was presented with the plea offer, this Court held:
[I]n the context of the modern criminal justice system, which is driven largely by the Sentencing Guidelines, more is required. A criminal defendant has a right to expect at least that his attorney will review the charges with him by explaining the elements necessary for the government to secure a conviction, discuss the evidence as it bears on those elements, and explain the sentencing exposure the defendant will face as a consequence of exercising each of the options available. In a system dominated by sentencing guidelines, we do not see how sentence exposure can be fully explained without completely exploring the ranges of penalties under likely guideline scoring scenarios, given the information available to the defendant and his lawyer at the time.
Id. at 553. Because the record did not reflect “the nature and quality of the advice [the petitioner] received before he made his final decision to reject the government’s proposed plea bargain,” this Court remanded to the district court for an evidentiary hearing on that issue. Id. at 554.
The Warden argues that Smith is distinguishable because “it was ultimately the complexity of the federal sentencing guidelines, along with the dearth of evidence that they had been fully explained to the defendant, that guided the Sixth Circuit’s decision to remand for further development of evidence.” While Smith did address the Sentencing Guidelines because they were relevant to that case, it also stated principles that are applicable to any plea situation, including the present one. Smith stands for the principle that an *601 attorney must discuss “sentencing exposure” under any relevant law (in Smith, the Guidelines, here, state law), the elements the government must prove to gain a conviction, and the available evidence as it relates to those elements. These principles are not tied to the Sentencing Guidelines, but are broadly applicable.
The record amply supports, and the state court’s findings do not negate, the district court’s finding that Lovell’s counsel failed to adequately inform her of the potential consequences of rejecting the plea and that this failure rendered counsel’s performance deficient.
Strickland’s second requirement is that “any deficiencies in counsel’s performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution.” Strickland, 466 U.S. at 691, 104 S.Ct. 2052. We must assess whether Lovell has shown that there is a reasonable probability, but for counsel’s errors, she would have accepted the plea agreement. Magana v. Hofbauer, 263 F.3d 542, 547 (6th Cir.2001). This Court has noted that the burden of establishing prejudice in the guilty-plea context is less than in a trial context. Griffin v. United States, 330 F.3d 733, 737 (6th Cir.2003) (“It is therefore easier to show prejudice in the guilty plea context because the claimant need only show a reasonable, probability that he would have pleaded differently.”).
I conclude that Lovell demonstrated prejudice from the deficient conduct of her trial counsel. The disparity between the probation she likely would have received and the mandatory minimum of one year of incarceration is sufficiently substantial to establish prejudice. See Dedvukovic, 36 Fed.Appx. at 798 (“[I]t has been held ... that a substantial disparity between the penalty offered by the prosecution and the punishment called for by the indictment is sufficient to establish a reasonable probability that a properly informed and advised defendant would have accepted the prosecution’s offer.”). Indeed, “[t]his Court has given special weight to significant disparities between penalties offered in a plea and penalties of a potential sentence in determining whether a defendant suffered prejudice by not accepting a plea offer.” United States v. Morris, 470 F.3d 596, 602 (6th Cir.2006). The significance of the discrepancy is bolstered in this case by Hurchanik’s testimony that Judge Crehan was known as a lenient sentencer, Judge Crehan’s affidavit stating he likely would have sentenced Lovell to probation, and Hurchanik’s admission that cases involving a drug sale to an undercover officer are particularly difficult to defend.
Based on the foregoing, I conclude that the state court’s determination that Lovell received the effective assistance of counsel was objectively unreasonable, and would affirm the district court’s issuance of a writ.

. Although this evidence was not before the state courts, the parties have not challenged the procedure employed by the district court below, and both sides cite to the expanded record.