**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0035n.06

No. 09-3728

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

*Jan 11, 2012*

LEONARD GREEN, Clerk

ROBERT C. COMRIE,                               )
                                                )
    Petitioner-Appellant,                     )          ON APPEAL FROM THE
                                                )          UNITED STATES DISTRICT
v.                                              )          COURT FOR THE NORTHERN
                                                )          DISTRICT OF OHIO
UNITED STATES OF AMERICA,                       )
                                                )
    Respondent-Appellee.                      )
                                                )

BEFORE: SUHRHEINRICH, GIBBONS, and McKEAGUE, Circuit Judges.

**PER CURIAM**. Robert Comrie appeals the denial of his motion to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255, challenging the district court's rejection of his claim that his trial attorneys were ineffective for failing to advise him of the government's proposed plea agreement and the risks of going to trial. We affirm the district court's judgment.

On January 16, 2002, Comrie was charged with two counts of conspiracy to make false statements in connection with the acquisition of firearms, two counts of aiding and abetting the making of false statements to a firearms dealer, and two counts of being a felon in possession of firearms. Comrie was initially represented by retained counsel, John Paris, who also represented him in two state cases. On the government's motion, Paris was removed from the case because of a conflict arising from his representation of a potential government witness, and the district court appointed Henry DeBaggis as substitute counsel. After approximately four weeks, Comrie retained James Willis to replace DeBaggis.

The record reflects that the prosecutor, Joseph Schmitz, communicated plea offers to Paris on March 11, 2002, and to Willis on June 21, 2002, three days before the scheduled trial date. The proposed plea agreement that Schmitz faxed to Willis provided for a total offense level of 22 and a tentative guideline range of 51 to 63 months, depending on Comrie's criminal history category. Comrie testified that he was not informed of these plea offers and that, had he been properly advised by Willis, he would have accepted the June 21, 2002, offer.

The case proceeded to trial, ending in a mistrial when the jury was unable to reach a verdict. After a second trial, the jury convicted Comrie of all counts. At sentencing, the district court determined that Comrie's base offense level was 27 and his criminal history category was IV, yielding a guideline range of 100 to 125 months, and it imposed a sentence of 100 months. On direct appeal, we vacated one of Comrie's felon-in-possession convictions and remanded for resentencing. The district court imposed the same sentence on remand, and we affirmed.

Comrie then filed the instant motion to vacate, raising three claims: 1) his felon-in-possession conviction was unconstitutional; 2) trial counsel was ineffective for failing to file a motion for a new trial after one of his convictions was vacated; and 3) trial counsel made "false assurances" by failing to advise him of a plea agreement or the risks of proceeding to trial. The district court denied Comrie's first two claims without an evidentiary hearing but concluded that an evidentiary hearing was required to resolve the third claim. After the hearing, the district court denied relief, concluding that Comrie's testimony concerning his attorneys' alleged deficient performance was self-serving and not credible because it was contradicted by his attorneys' testimony as well as by statements in his motion to vacate. The district court granted a certificate of appealability, and we appointed counsel to represent Comrie on appeal.

In a § 2255 proceeding, we review the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Doyle*, 631 F.3d 815, 817 (6th Cir. 2011). Although ineffective assistance of counsel claims are mixed questions of law and fact subject to de novo review, "[a]ny findings of fact pertinent to the ineffective assistance of counsel inquiry are subject to a 'clearly erroneous' standard of review." *United States v. Jackson*, 181 F.3d 740, 744 (6th Cir. 1999) (citation omitted).

A defendant claiming ineffective assistance of counsel must demonstrate that his counsel's performance was deficient and that he suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "A defense attorney's failure to notify his client of a prosecutor's plea offer . . . satisfies the first element of the *Strickland* test." *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2003). Failure to provide guidance to a defendant regarding his sentencing exposure may also constitute deficient performance. *Smith v. United States*, 348 F.3d 545, 553 (6th Cir. 2003). To show prejudice in this context, the defendant must show "that there is a reasonable probability [he] would have pleaded guilty given competent advice." *Griffin*, 330 F.3d at 737.

Because the district court did not credit Comrie's testimony that his attorneys failed to inform him of the possibility of a plea agreement and the risks of going to trial, it found that Comrie had not established the first prong of the *Strickland* test. This factual finding is not clearly erroneous. Comrie's testimony was contradicted by his trial attorneys' testimony in many respects. Most notably, all three attorneys testified that Comrie maintained his innocence, wanted to proceed to trial, and was not interested in a plea agreement. This testimony was corroborated by Schmitz, who testified that Comrie "never showed any inclination to me or to anyone involved in the case that he was prepared to plead guilty or to accept responsibility for any of his conduct."

Additionally, contrary to Comrie's assertions that his attorneys failed to inform him of how the sentencing guidelines might apply, both Paris and Willis testified that they reviewed the application of the sentencing guidelines with Comrie and discussed his possible sentencing exposure. Further, while Comrie testified that DeBaggis only met with him once, DeBaggis testified that, according to his records and his recollection, he met with Comrie four times. Finally, Paris and Willis, both experienced criminal attorneys, testified that their usual practice was to immediately communicate plea offers to their clients, and both were confident that they would have followed their usual practice in this case. Although Willis could not specifically recall discussing the government's June 21, 2002, plea offer with Comrie, he testified that he "always" advised clients of plea offers and could "think of no reason" why he would not have done so here.

Comrie counters that, because Willis could not specifically recall discussing the June 21, 2002, plea offer with him, his testimony that he was not informed of that plea offer was "unrefuted." But the case on which Comrie relies, *Dedvukovic v. Martin*, 36 F. App'x 795 (6th Cir. 2002), is distinguishable. In that case, trial counsel's own testimony revealed "glaring deficiencies" in her performance, and there was nothing in the record to cast doubt on the petitioner's testimony that he was not properly advised of the consequences of declining the state's plea offer. *See Dedvukovic*, 36 F. App'x at 797-98. In this case, by contrast, the district court identified several factors that rendered Comrie's testimony implausible. In light of this evidence, the district court did not clearly err by rejecting Comrie's testimony that he was not informed of the possibility of a plea deal and the risks of going to trial. *See Satterlee v. Wolfenbarger*, 453 F.3d 362, 367 (6th Cir. 2006) ("We afford the district court particular deference when its factual findings are based on credibility determinations.").

-4-

In any event, even assuming that counsel rendered deficient performance, Comrie's claim fails because "he has not established a reasonable probability that he would have pled guilty if properly advised by counsel." *Humphress v. United States*, 398 F.3d 855, 859 (6th Cir. 2005). All three of Comrie's attorneys testified that Comrie wanted to proceed to trial, and Comrie himself testified that, despite having pleaded guilty in his two state cases, he never asked about the possibility of entering a plea in this case. Willis testified that, "at all points [Comrie] was quite adamant that he was innocent, he wanted to go to trial, and that was the position I accepted." Paris similarly testified that Comrie had no interest in pleading guilty, but rather "wanted motions to suppress to be filed" and "certain defenses to be asserted." Accordingly, Comrie cannot establish that, but for the alleged failure to advise him of the government's plea offer, he would have pleaded guilty. *See United States v. White*, 313 F. App'x 794, 798 (6th Cir. 2008) ("Because White admittedly never wanted to plead guilty to the indictment, and repeatedly indicated that he wished to go to trial, he cannot prove that he was prejudiced in the plea process even if his counsel was found constitutionally deficient."). Further, Comrie's assertion that he would have accepted the June 21, 2002, plea offer was undercut by his continued assertions of innocence, including his statement at the evidentiary hearing that he "would have pled no contest" rather than admitting his guilt. *See Humphress*, 398 F.3d at 859 (concluding that the petitioner's assertions of innocence at trial and during the § 2255 evidentiary hearing supported the district court's conclusion that he would not have pleaded guilty).

For these reasons, we affirm the district court's judgment.